**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blue Cross and Blue Shield of Arizona Incorporated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Change Healthcare Practice Management Solutions Incorporated, et al.,<br><br>Defendants. | No. CV-25-00550-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendants' motion for stay. (Doc. 17.) The motion is fully briefed (Docs. 21, 22) and neither side requested oral argument. For the reasons that follow, the motion is denied.

## RELEVANT BACKGROUND

On June 7, 2024, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued an order consolidating, for pretrial purposes, all federal cases alleging negligence, negligence per se, unjust enrichment, and consumer protection claims stemming from "a cyberattack on the systems of [Change Healthcare] announced February 21, 2024." *See In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, 737 F. Supp. 3d 1367 (U.S. Jud. Pan. Mult. Lit. 2024) (hereinafter, "the Change Healthcare MDL"). The JPML also found that centralization in the District of Minnesota would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. *Id.* at 1369.

On January 13, 2025, Plaintiffs sued various Change Healthcare-related entities (collectively, "Defendants") in Maricopa County Superior Court.  (Doc. 1-1 at 10-38.)  According to the complaint, Plaintiffs are health insurance providers and Defendants are healthcare payment processing companies who "provided critical clearinghouse, risk adjustment, and other health insurance related services to [Plaintiffs] for many years pursuant to multiple agreements."  (*Id.* at 12 ¶¶ 8-12.)  Plaintiffs' claims arise from the February 2024 cyberattack on Change Healthcare.  (*Id.* at 13 ¶¶ 16-17.)  "As a result, by February 21, 2024, [Defendants were] unable to provide any contractually obligated services to [Plaintiffs], leaving [Plaintiffs] scrambling to find alternatives, costing [Plaintiffs] millions through higher costs and delays.  Moreover, now unable to access its own confidential information, [one Plaintiff] was also unable to process claims, timely provide data to regulators, or audit prior payments, resulting in millions of dollars of additional damages."  (*Id.* at 13 ¶ 17.)

On February 12, 2025, Plaintiffs served Defendants.  (Doc. 1-1 at 42.)

On February 18, 2025, Defendants removed the action to this Court.  (Doc. 1.)

On February 20, 2025, one Defendant filed a "Notice of Potential Tagalong Action" in the Change Healthcare MDL.  (Doc. 17 at 2 ¶ 4.)

On February 26, 2025, the JPML issued a conditional transfer order ("CTO") transferring this action to the Change Healthcare MDL.  (Doc. 17-1 at 2-3.)

On March 5, 2025, Plaintiffs filed a notice of opposition to the CTO.  (*Id.* at 5.)

On March 6, 2025, the JPML issued a briefing schedule requiring Plaintiffs to file a motion to vacate by March 20, 2025 (which Plaintiffs have since filed, *see* Doc. 21-1); requiring Defendant to file a response by April 10, 2025; and allowing Plaintiffs to file a reply by April 17, 2025.  (Doc. 17-1 at 7.)

On March 20, 2025, Defendants filed the pending motion to stay.  (Doc. 17.)

On March 25, 2025, Plaintiffs filed a response.  (Doc. 21.)

On March 26, 2025, Defendants filed a reply.  (Doc. 22.)

…

**ANALYSIS**

I.   The Parties' Arguments

Defendants ask the Court to "stay this action in its entirety pending a final decision by the JPML regarding the transfer of this case to the Change Healthcare MDL for pre-trial proceedings, including but not limited to staying: (1) all deadlines pursuant to the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Arizona, including the deadline for Defendants to respond to the Complaint; and (2) any discovery." (Doc. 17 at 5.)  According to Defendants, the requested stay "will conserve this Court's resources and avoid potentially unnecessary and duplicative litigation burdens on the parties should this case be transferred" and will not be prejudicial to Plaintiffs given that "the JPML is likely to issue a decision shortly" after the motion to vacate the CTO becomes fully briefed on April 17, 2025.  (*Id.* at 4.)

Plaintiffs oppose the stay request, arguing that (1) it is unlikely this case will be added to the MDL because it "is not a corollary of the cases already in the MDL, brought by providers and consumers for the disruption of claim processing services and the potential public dissemination of private data" and instead is brought by "*payors* who assert claims against [Change Healthcare] for failing to provide unique and highly specific services in breach of several direct services contracts between Plaintiffs and [Change Healthcare]"; (2) a transfer decision by the JPML is not imminent and may not be issued until up to two months after the motion to vacate the CTO becomes fully briefed; (3) Defendants are to blame for some of the delay in this action; and (4) denying a stay will not result in inefficiency or duplication of effort because "[a]ny work [Change Healthcare] performs, such as responding to the Complaint or providing discovery, would have to be done anyway." (Doc. 21 at 3-6.)  Plaintiffs also contend they will suffer prejudice if a stay is issued, because they "are entitled to just and efficient prosecution of their claims." (*Id.* at 4.)

In reply, Defendants argue that Plaintiffs would not suffer any prejudice from a "small delay" while awaiting the JPML's decision on the motion to vacate the CTO, in part

because the only remedy Plaintiffs seek here is money damages, which are "preserved and will not change." (Doc. 22 at 2.) Defendants also assert that they "plan to move to dismiss Plaintiffs' Complaint for failure to state a claim" and argue that a stay conserves "time and resources" by ensuring that the parties "engage in briefing these issues once, and only in the forum that will preside over this matter to the end." (*Id.* at 2-3.) In the alternative, Defendants (1) "request the Court at least stay all discovery until the Court resolves Defendants' impending motion to dismiss"; and (2) "request an additional 14 days to respond to Plaintiffs' Complaint." (*Id.* at 3.)

II.   Analysis

"Where an MDL is being considered or a transfer pending, a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Bosley v. Cal. Physicians Servs.*, 2024 WL 1521577, *2 (S.D. Cal. 2024) (cleaned up). However, "a district court need not automatically stay a case when there is something pending before the MDL Panel." *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1231 (D. Haw. 2007). "Instead, when considering a motion to stay proceedings, a court considers the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *J.M. v. Red Roof Inns, Inc.*, 2024 WL 532336, *2 (E.D. Cal. 2024) (cleaned up). The party seeking the stay bears the burden of persuasion. *Id.*

Applying these factors, Defendants' stay request is denied. Although the Court is not persuaded by Plaintiffs would suffer much prejudice from the requested stay, the Court is also unpersuaded that Defendants would suffer much (if any) hardship and inequity from the absence of a stay. As Plaintiffs correctly note, "[a]ny work [Change Healthcare] performs, such as responding to the Complaint or providing discovery, would have to be done anyway, and the nature of its response is not dependent on the forum in which this case ultimately proceeds (nor does Change suggest otherwise)." (Doc. 21 at 5.) It will

take at least a month for the motion to dismiss to be become fully briefed, and due to the nature of the Court's busy docket, there is no chance the Court would resolve that motion immediately thereafter. Whether the motion is briefed in this forum or another, the briefing process itself is the same, and therefore there is no hardship in completing that process here. Nor do Defendants explain why discovery would be any different in this forum, as opposed to the other forum. Because Defendants have not "ma[d]e out a clear case of hardship or inequity," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), they have not met their burden as the party seeking the stay.

Although the stay request is denied, Defendants' alternative request for a two-week extension of the deadline to respond to the complaint is granted.

Accordingly,

**IT IS ORDERED** that Defendants' motion to stay (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' deadline to respond to the complaint, which is currently March 31, 2025, is extended to April 14, 2025.

Dated this 28th day of March, 2025.

Dominic W. Lanza
United States District Judge